## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZAK SHAIK and BAARI ARDMORE HOUSING LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>JAMES A. WILLIAMS, OKIE PLUMBIN LLC, REBECCA JOHNSON, JOHNSON LAW FIRM, PLLC, MARK MELTON, individually and in his official capacity, MURRAY COUNTY, and JOHN DOES 1-10, )<br><br>Defendants. ) | Case No. 24-cv-00253-GLJ |

### ORDER

Plaintiff Zak Shaik[1] responded to the Court's July 22, 2024 Order [Docket No. 6] Directing that Plaintiff Baari Ardmore Housing LLC will be dismissed without prejudice if a licensed attorney does not enter an appearance on its behalf on or before August 21, 2022.  Plaintiff Shaik disputes the authority cited by the Court that non-attorney individuals are not allowed to represent pro se legal entities such as limited liability companies like Baari Ardmore Housing.  *See* Docket No. 9.   For the reasons set forth below, Plaintiff Shaik's arguments are unsupported by the law and, therefore, the Plaintiffs' Response to Minute Order Regarding Pro Se Representation [Docket No. 9] seeking relief from the

---

[1] For the reasons set forth herein, the Court treats the Response as filed only on behalf of Plaintiff Zak Shaik and not Baari Ardmore Housing LLC.

Court's order directing Baari Ardmore Housing LLC to obtain counsel or be dismissed without prejudice is DENIED.

## Procedural Background

This matter arises out of an Oklahoma lawsuit to enforce certain mechanics or materialman's liens filed by attorney Rebecca Johnson on behalf of James A. Williams and/or Okie Plumbin LLC in Murray County, Oklahoma, Case No. CS-2023-75 ("Murray County Lawsuit"). *See* Docket No. 1. Plaintiffs allege various constitutional rights were violated when, during the course of the Murray County Lawsuit, Shaik had a series of disagreements and incidents with the Court that ultimately led to his arrest for contempt of court. *Id.* Plaintiffs assert claims against not only the litigants and their attorney in the Murray County Lawsuit, but also the presiding Judge, Mark Melton, Murray County itself and various unidentified individuals. *Id.*

Like in this case, one of the apparent underlying sources of contention in the Murray County Lawsuit was Shaik's insistence that he could or was representing Baari Ardmore Housing LLC on a pro se basis. From all indications in the Complaint, Shaik is not and has never been a licensed attorney in Oklahoma or any other state. After the current lawsuit was filed, the Court entered an order on July 22, 2024, noting that "Parties who are not natural persons may not appear pro se", finding that "Shaik is not permitted to represent Baari Ardmore Housing, LLC as a pro se litigant", and, therefore, directing "that a licensed attorney must enter an appearance on behalf of Baari Ardmore Housing, LLC on or before

Wednesday, August 21, 2024, or Baari Ardmore Housing, LLC will be dismissed as a party to this action without prejudice." *See* Docket No. 6.

## Analysis

In his response, Shaik contends that he should be permitted to represent Baari Ardmore House pro se.[2]   Specifically, Shaik argues that he is permitted to do so by Oklahoma statute and Oklahoma caselaw. *See* Docket No. 9, p. 1.   Shaik also argues that other federal decisions support his position and that, as a single-member LLC, Baari Ardmore House should be treated different than corporations. *Id.*, pp. 2-3

None of the statutes or caselaw cited in the Response supports Shaik's position that as a non-lawyer he should be permitted to represent Baari Ardmore Housing pro se.   The Complaint alleges that Baari Ardmore Housing is a limited liability company formed under the laws of Oklahoma. *See* Docket No. 1.   The Oklahoma Limited Liability Company Act (the "LLC Act"), governs the formation, operation, dissolution, and cancellation of Oklahoma limited liability companies. *See* 18 O.S. §§ 2000, *et seq.*; *In re Midpoint Dev., L.L.C.*, 466 F.3d 1201, 1204 (10th Cir. 2006); *Vista Exploration Co. v. Mewbourne Oil Co.*, 2010 WL 1980196, *1 (W.D. Okla. May 17, 2010).   A domestic LLC is formed under the LLC Act when executed articles of organization are filed with the Secretary of State,

---

[2] Although styled as "Plaintiffs' Response to Minute Order Regarding Pro Se Representation," the Court treats the Response as a motion for relief from the Order directing Baari Ardmore Housing to obtain counsel or be dismissed without prejudice. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a pro se litigant's pleadings); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a pro se party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers.").

along with payment of the requisite fees.  18 O.S. § 2004.  An LLC may be "for the purpose of carrying on any lawful business, purpose or activity, whether or not for profit."  *Id*. at § 2002.  Once its articles become effective, the LLC becomes a separate legal entity, "the existence of which as a separate legal entity continues until cancellation of the limited liability company's articles of organization and completion of its winding up, if any."  *Id*. at § 2004(B)(1).

Shaik first argues that 18 O.S. §§ 2003 and 2019 support his position.  Neither statute does so.  Section 2003(1) provides that a limited liability company may "[s]ue, be sued, complain and defend in all courts."  18 O.S. § 2003(1).[3]  To sue or be sued in the name of the LLC as a legal entity is simply one of the powers granted to an LLC by Oklahoma law.  Such language has no bearing on <u>who</u> can represent the LLC in such suits.  Similarly, 2019(A) simply provides that every manager of an LLC is an agent of the LLC and, as such, can bind the LLC in its dealings.  18 O.S. § 2019(A).

The local rules of the Eastern District of Oklahoma plainly prohibit parties who are not natural persons from appearing pro se.  *See* LCvR. 17.1.  This local rule follows the clear law of the Tenth Circuit, which prohibit non-lawyers from representing LLCs.  *See*, *e.g.*, *Am. Contractors Indem. v. Boeding*, 490 F. App'x. 141, 145 (10th Cir. 2012) (holding that a limited liability company could not be represented by a non-attorney on appeal); *Roscoe v. United States*, 134 F. App'x 226, 227 (10th Cir. 2005) (dismissing the limited

---

[3] Shaik specifically cites to 18 O.S. § 2003(12), which addresses operating agreements of limited companies, but references the sue and be sued language in subparagraph (1).

liability company as a pro se plaintiff); *Harrison v. Wahatoyas, LLC*, 253 F.3d 552 (10th Cir. 2001).  Although not specifically addressed by Oklahoma courts, other courts have interpreted the same sue or be sued language as 18 O.S. § 2003(1) as not granting non-lawyers the power to represent LLCs.  *See*, *e.g.*, *Martinez v. Roscoe*, 33 P.3d 887 (N.M. App. 2001) (holding that provisions of New Mexico LLC Act allowing authorized members to bring suit on behalf of the LLC do not permit members or managers who are not licensed attorneys to bring pro se claims on behalf of the LLC, but merely provide a mechanism for determining who may make the decision for the LLC to bring a lawsuit). Moreover, Oklahoma Supreme Court Rules also prohibit representation of LLCs by non-lawyers.  *See* Okla. Sup. Ct. R. 1.5(b).

Indeed, the overwhelming majority of courts follow this same rule.  *See*, *e.g.*, *U.S. ex rel. Mergent Services v. Flaherty*, 540 F.3d 89 (2nd Cir. 2008) (single member LLC); *Roscoe v. U.S.*, 134 Fed. Appx. 226 (10th Cir. 2005); *IBEW-NECA Local 505 Welfare and Pension Plans v. R.D. Elec., L.L.C.*, 2009 WL 981913, at *1 (S.D. Ala. April 13, 2009); *Streeter v. Office of Douglas R. Burgess, LLC*, 2008 WL 508456, at *4 (M.D. Ala. Feb. 21, 2008); *In re Heal*, 2009 WL 4510128, at *1 (Bankr. N.D. Cal. Nov. 30, 2009), order vacated on other grounds, 2010 WL 6259997 (B.A.P. 9th Cir. March 17, 2010); *Martin v. Directors of Guild of America*, 2006 WL 1351650, at *2 (D. Colo. May 16, 2006)*; Conagra Trade Group, Inc. v. Fuel Exploration, LLC*, 2009 WL 763097, at *1 (D. Colo. March 19, 2009);  *Chien v. Skystar Bio Pharmaceutical Co.*, 623 F. Supp. 2d 255 (D. Conn. 2009), *aff'd*, 2010 WL 2079883 (2nd Cir. 2010); *In re Interiors of Yesterday, LLC*, 284 B.R. 19

(Bankr. D. Conn. 2002) (LLCs can only appear in court through an attorney; however, when LLC subsequently retained counsel its bankruptcy petition was not dismissed as void ab initio); *Cruz v. Petty Transp., LLC*, 2008 WL 2157154, at *1 (M.D. Fla. May 22, 2008); *Weston v. T & T, LLC*, 271 P.3d 552 (Colo. App. 2011), *cert. denied*, 2012 WL 53795 (Colo. 2012); *Windsor v. U.S.*, 2009 WL 2370669, at *2 (N.D. Ga. July 30, 2009); *Rice v. Don Peck's Transp. LLC*, 2008 WL 2224903, at *1 (S.D. Ill. May 27, 2008); *Landmark American Ins. Co. v. Green Lantern Roadhouse LLC*, 2008 WL 2157168, at *2 (S.D. Ill. May 21, 2008) (default judgment set aside so LLC could retain counsel); *Miller v. Account Management Services*, 2008 WL 4415502, at *1 (N.D. Ind. Sept. 25, 2008); *Seventy-Six, LLC v. Essex Insurance Company*, 2011 WL 4352775, at *1 (S.D. Ind. Sept. 16, 2011) ("'[T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for contract claims against the business, carries with it obligations, one of which is to hire a lawyer if you want to sue or defend on behalf of the entity . . . [business owners] must take the burdens with the benefits.'") (quoting *United States v. Hagerman*, 545 F.3d 579, 581–582 (7th Cir 2008); *Collier v. Cobalt, LLC*, 2002 WL 726640, at *1 (E.D. La. April 22, 2002); *Vandenberg & Sons Furniture, Inc. v. Katchen*, 2013 WL 504168, at *5 (W.D. Mich. Feb. 12, 2013) (court refused to consider motion filed by non-lawyer member); *Taitt v. Secretary, Dept. of Treasury*, 105 A.F.T.R.2d 2010-1981, 2010 WL 1541495, at *3 (E.D. Mich. March 10, 2010), report and recommendation adopted, 2010-1 U.S. Tax Cas. (CCH) P 50352, 105 A.F.T.R.2d 2010-1984, 2010 WL 1541491 (E.D. Mich. 2010) (entity tax classification rules do not affect

need for counsel); *Dalmayer v. Michigan*, 2009 WL 224586, at *2 (E.D. Mich. Jan. 29, 2009); *S.E.C. v. Lawton*, 2011 WL 1467742, at *1 (D. Minn. April 18, 2011), *judgment aff'd*, 449 Fed. Appx. 555 (8th Cir. 2012); *Wilkinson Industries, Inc. v. Taylor's Indus. Services, LLC*, 2007 WL 1751739, at *1 (D. Neb. June 18, 2007) (default judgments entered against LLC after counsel withdrew); *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1221 (D.N.M. 2011); *Bell v. Manhattan Motorcars, Inc.*, 2009 WL 111467, at *1 (S.D. N.Y. Jan. 16, 2009); *In re 1103 Norwalk Street*, LLC, 2004 WL 3502654, at *2 (Bankr. M.D. N.C. May 14, 2004); *CIT Group/Commercial Services, Inc. v. Crystal Springs Apparel, LLC*, 2008 WL 2484512, at *1 (W.D. N.C. June 17, 2008); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289 (Bankr. N.D. Ohio 2001) (LLC required counsel to file bankruptcy petition); *Lawrence Frumusa Land Development, LLC v. Arnold*, 421 B.R. 110 (W.D. N.Y. 2009); *Graham Kandiah, LLC v. JPMorgan Chase Bank, N.A.*, 2009 WL 1704570, at *2 (S.D. N.Y. June 18, 2009); *Brown Truck & Equip. Sales, LLC*, 2022 WL 4316143, at *1 (N.D. Okla. 2022); *Burbank Holdings, LLC v. U.S.*, 104 A.F.T.R.2d 2009-6600, 2009 WL 3571284, at *1 (D. Nev. Sept. 9, 2009), report and recommendation adopted, 2009-2 U.S. Tax Cas. (CCH) P 50681, 104 A.F.T.R.2d 2009-6601, 2009 WL 3172188 (D. Nev. 2009); *Strother v. Harte*, 171 F. Supp. 2d 203 (S.D. N.Y. 2001); *CIT Group/Commercial Services, Inc. v. Crystal Springs Apparel, LLC*, 2008 WL 2832773, at *1 (W.D. N.C. July 16, 2008); *Gilley v. Shoffner*, 345 F. Supp. 2d 563 (M.D. N.C. 2004) (LLC cannot appear pro se); *Sea Island Co. v. The IRI Group, LLC*, 2007 WL 2997660, at *2 (W.D. N.C. Oct. 12, 2007); *Walker v. Allianz Life Ins. Co. of North*

*America*, 2009 WL 1883418, at *3 (N.D. Tex. June 30, 2009); *Weyend v. Hubman Foundation*, 2007 WL 3377162, at *1 (E.D. Tex. June 28, 2007), *modified in part*, 2007 WL 3377160 (E.D. Tex. Nov. 14, 2007), report and recommendation adopted, 2007 WL 4300477, at *1 (E.D. Tex. Dec. 5, 2007); *Peterson v. RVS Line, L.L.C.*, 2013 WL 587365, at *1 (D. S.D. Feb. 13, 2013); *Wilson v. Acacia Dermatology PLLC*, 2011 WL 3651779, at *1 (M.D. Tenn. Aug. 18, 2011); *Edizone, L.C. v. Cloud Nine*, 2007 WL 2455290, at *1 (D. Utah Aug. 23, 2007); *Susko v. Cox Enterprises, Inc.*, 37 Media L. Rep. (BNA) 1117, 2008 WL 4279669, at *1 (N.D. W. Va. Sept. 16, 2008); *Hooks v. Ryan*, 2009 WL 1307850, at *4 (E.D. Wis. May 6, 2009); *Wisconsin Laborers Health Fund v. D & D Const., LLC*, 2008 WL 4458148, at *1 (W.D. Wis. Sept.  30, 2008); *Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F. Supp. 2d 962 (E.D. Wis. 2002); *Brown v. Hope*, 2021 WL 503249, at *3 (Ariz. App. Div. 1 Aug. 30, 2021) (Not for official publication) (notwithstanding alleged dissolution of LLC, the sole member did not become the real party in interest able to proceed on a pro se basis with respect to suit involving LLC's property; "a corporation or other legal entity can only appear in court through an attorney."); *Parlier v. Can-Ada Crushing & Gravel Co.*, 441 P.3d 422 (Alaska 2019); *Lippenberger v. Canal Properties*, 2009 WL 3353685, at *5 (Cal. App. 1st Dist. Oct. 20, 2009); *Paton v. Old Mill Builders, LLC*, 2000 WL 1912695, at *1 (Conn. Super. Ct. Dec. 14, 2000); *Valentine L.L.C. v. Flexible Business Solutions, L.L.C.*, 27 Conn. L. Rptr. 378, 2000 WL 960901 (Conn. Super. Ct. 2000) (non-attorney member cannot represent LLC); *Valiant Ins. Co. v. Nurse Network, LLC*, 22 Conn. L. Rptr. 685, 1998 WL 712359 (Conn.

Super. Ct. 1998); *HB Management, LLC v. Brooks*, 2005 WL 225993, at *2 (D.C. Super. Ct. Feb. 1, 2005); *Poore v. Fox Hollow Enterprises*, 1994 WL 150872, at *2 (Del. Super. Ct. March 29, 1994) (Delaware LLCs are entities which require licensed Delaware legal counsel when appearing in Delaware courts); *Harbolt v. Pelletier*, 662 S.E.2d 355 (2008); *Sterling, Winchester & Long, LLC v. Loyd*, 634 S.E.2d 188 (2006); *Winzer v. EHCA Dunwoody, LLC*, 627 S.E.2d 426 (2006) (physician could not represent his LLC on appeal); *Indian Springs LLC v. Indian Springs Land Inv., LLC*, 215 P.3d 457, 69 U.C.C. Rep. Serv. 2d 890 (2009), *cert. denied*, 130 S. Ct. 1512 (2010); *In re Rouge House, LLC*, 246 So.3d 580 (La. App. 4th Cir. 2018) (member-manager who was not attorney could not represent LLC in appeal concerning liquor licensing); *Peterson v. Evapco, Inc.*, 188 A.3d 210 (Md. Ct. Spec. App. 2018) (LLC owner who was jointly and severally liable for damages caused by competing LLCs could not present LLCs' defense since LLCs could only be represented by counsel); *Dickey v. Inspectional Services Department of Boston*, 120 N.E.3d 1179 (Mass. 2019) (petitioner who was not lawyer lacked capacity to present arguments on behalf of single member LLC); *Lake State Federal Credit Union v. Tretsven*, 2008 WL 2732111, at *3 (Minn. Ct. App. July 15, 2008); *Sagorin v. Sunrise Heating and Cooling, LLC*, 506 P.3d 1028 (2022) (LLC may not appear pro se through one of members); *Sterinhausen v. HomeServices of Nebraska, Inc.*, 857 N.W.2d 816 (Neb. 2015) (non-lawyer could not represent LLC in tort action); *Temple v. Eighth Judicial District Court of State ex rel. County of Clark*, 2009 WL 3429743, at *1 (Nev. Oct. 8, 2009); *Senna v. Judyski*, 2007 WL 987157, at *2 (N.J. Super. Ct. App. Div. April 1, 2007); *Michael Reilly Design,*

*Inc. v. Houraney*, 40 A.D.3d 592, 835 N.Y.S.2d 640 (2d Dep't 2007); *State ex rel. North Dakota Dept. of Labor, for Benefit of Fair Housing of Dakotas v. Riemers*, 757 N.W.2d 50 (N.D. 2008) (court documents filed by unrepresented LLC void); *Ohio State Bar Association v. Ross*, 114 N.E.3d 179 (Ohio 2018) (civil penalty assessed for unauthorized practice of law); *Disciplinary Counsel v. Kafele*, 843 N.E.2d 169 (2006) (member who prepared and filed legal papers on LLC's behalf engaged in unlawful law practice and was fined); *Gass v. Headlands Contracting & Tunneling, Inc.*, 2008 WL 4964656, at *1 (Ohio Ct. App. 11th Dist. Geauga County Nov. 21, 2008) (LLC could not prosecute appeal without counsel); *Board of Educ. of the Whitehall City School Dist. v. Franklin County Bd. of Revision*, 2002 WL 416953, at *4 (Ohio Ct. App. 10th Dist. Franklin County March 19, 2002); *Cleveland Bar Assn. v. Pearlman*, 832 N.E.2d 1193 (2005); *Smith v. Rustic Home Builders, LLC*, 826 N.W.2d 357 (S.D. 2013); *Hagan v. Adams Property Associates, Inc.*, 482 S.E.2d 805 (Va. 1997).

Shaik cites several cases in support of his argument, but none do so. First, Shaik cites *Keller v. Keller*, 2011 OK CIV APP 61, 254 P.3d 728, for the proposition that LLC members can appear in court on behalf of the LLC. However, no such case exists at the citation provided and no such case can be located by the Court. Moreover, the Court cannot locate any Oklahoma case containing the quote set out in the Response.

Shaik next asserts that *U.S. v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) and *Lattanzio v. COMTA*, 481 F.3d 137 (2nd Cir. 2007) hold that states can authorize non-lawyers to represent LLCs and federal courts should respect such authorization. *See*

Docket No. 9, p. 2.  Both cases, however, hold the opposite.  *Hagerman* holds "that an LLC can sue only if represented by a lawyer, even if . . . the LLC has only one member."  545 F.3d at 581 (citing *Lattanzio*, 481 F.3d at 140).  The *Lattanzio* court noted that both corporations and partnerships must appear through licensed counsel and, because LLCs are a hybrid of partnerships and corporations, an LLC is similarly a legally distinct entity from its owner(s).  481 F.3d at 140.  *Lattanzio* concluded that even a sole member LLC may appear in federal court only through a licensed attorney.  *Id*.  Moreover, the court noted that, having accepted the advantages of the LLC structure, the member must also bear the accompanying burdens.  *Id*.

Shaik also cites *U.S. v. Cocivera*, 104 F.3d 566, 572-73 (3rd Cir. 1996) as allowing a partnership to be represented by a non-lawyer partner.  *See* Docket No. 9, p. 2.  Again, this case does not support Shaik's representation of an LLC pro se. *Cocivera* addressed the legal representation of several corporations during a criminal prosecution in which an individual shareholder represented himself and purportedly the corporations pro se at the criminal trial.  Noting the holding in *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel[,]" the *Cocivera* court vacated the convictions of the corporations because they were not represented by licensed counsel.  104 F.3d at 572-73.

Second, Shaik tries to distinguish *Harrison*, 253 F.3d 552, which was cited in the Court's order, because it involved a Colorado LLC and was not a single-member LLC, and

he argues that single-member LLCs are materially different from corporations. *See* Docket No. 9, pp. 2-3. As previously noted, two cases cited by Shaik specifically held that even the single member of an LLC cannot represent the LLC if they are not a licensed attorney. *See Hagerman*, 545 F.3d at 581-82; *Lottanzio*, 481 F.3d at 140. Additionally, *Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986), which is cited by Shaik, does not support his position. In *Church of the New Testament*, an unincorporated association was not represented by an attorney before either the district court or the appellate court. Although the court declined to address the issue directly because the issue was raised for the first time on appeal, it noted that "[u]nincorporated associations, like corporations, must appear through an attorney; except in extraordinary circumstances, they cannot be represented by laypersons." *Id*. Shaik offers no extraordinary circumstances in this case.

Third, Shaik argues that prohibiting him from representing Baari Ardmore Housing violates the LLCs First Amendment right to petition the government for redress of grievances. Shaik does not cite any authority that the exercise of such a right permits a non-lawyer to represent a legal entity such as an LLC. As noted above, the overwhelming authority is that a nonlawyer LLC member cannot represent the LLC pro se.

Lastly, Shaik argues that LCvR. 17.1 should not override state law. As previously noted, Oklahoma law does not permit non-lawyers to represent legal entities such as LLCs and the Oklahoma Supreme Court rules specifically prohibit such representation. Moreover, who may appear in federal courts is governed by federal not state law.

-12-

Specifically, 28 U.S.C. § 1654 provides that in all federal courts "parties may plead and conduct their own cases personally or by counsel" as by the rules of such courts.  The Supreme Court, however, acknowledges that, "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202 (footnote omitted).  As discussed above, the same is true of LLCs.  Thus, LCvR 17.1 is consistent with 28 U.S.C. § 1654 and specifically prohibits parties who are not natural persons, such as LLCs, from appearing pro se.

## Conclusion

Accordingly, Plaintiffs' Response to Minute Order Regarding Pro Se Representation requesting relief from the Order directing Baari Ardmore Housing LLC to obtain counsel or be dismissed without prejudice  [Docket No. 9] is hereby DENIED.  Plaintiff Zak Shaik is not permitted to represent Baari Ardmore Housing, LLC as a pro se litigant and a licensed attorney must enter an appearance on behalf of Baari Ardmore Housing, LLC on or before Wednesday, August 21, 2024, or Baari Ardmore Housing, LLC will be dismissed as a party to this action without prejudice.

IT IS SO ORDERED this 30th day of July, 2024.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**