IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZAK SHAIK and BAARI ARDMORE HOUSING LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 24-cv-00253-GLJ |
| JAMES A. WILLIAMS, OKIE PLUMBIN LLC, REBECCA JOHNSON, JOHNSON LAW FIRM, PLLC, MARK MELTON, individually and in his official capacity, MURRAY COUNTY, and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Zak Shaik[1] moves for the reconsideration of the August 6, 2024 Order [Docket No. 15] denying his motion to reconsider the July 30, 2024 Order denying him the right to represent Baari Ardmore Housing LLC pro se [Docket No. 10]. For the reasons set forth below, Plaintiffs' Comprehensive Motion for Reconsideration and Alternative Relief [Docket No. 16] is DENIED.

## Discussion

Plaintiff moves to reconsider the Court's August 6, 2024 Order denying his motion to reconsider the July 30, 2024 Order [Docket No. 10] because he disagrees with the

---

[1] For the reasons set forth herein, and in the July 30, 2024 and August 5, 2024 Orders [Docket Nos. 12 & 18], the Court treats the Motion as filed only on behalf of Plaintiff Zak Shaik and not Baari Ardmore Housing LLC.

Court's analysis and application of the law with respect to his right to represent a single-member LLC pro se and because he seeks equitable relief to ensure access to courts. *See* Docket No. 16.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Nonetheless, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted). "A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 468 (D. Kan. 1999), *aff'd*, 245 F.3d 1203 (10th Cir. 2001). Because the conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored. *See Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) ("[A] motion for reconsideration is an extreme remedy to be granted in rare circumstances.").

Plaintiff's second motion to reconsider is simply a rehash of arguments previously made or that could have been made.  Therefore, for the same reasons set out in the August 6, 2024 Order, Plaintiff's motion to reconsider the order denying him the right to represent Baari Ardmore Housing LLC pro se is denied.

Within Plaintiff's Motion to Reconsider he appears to also seek certain additional forms of relief such as the appointment of counsel, an order for alternative dispute resolution of the underlying dispute, and a declaratory judgement on the validity of liens at issue in the Carter County District Court action.  *See* Docket No. 16, p 5.  Such requests are inappropriately included within the Motion to Consider.  *See* LCvR 7.1 ("Each motion, application, or objection filed shall be a separate pleading, except where alternative pleading is allowed by law or these Rules").  While courts must liberally construe a pro se litigant's pleadings, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), "[t]his liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation and internal quotation marks omitted).  Any equitable relief asserted by Plaintiff must be filed by separate motion.

## Conclusion

Accordingly, Plaintiffs' Comprehensive Motion for Reconsideration and Alternative Relief [Docket No. 16] is hereby DENIED.  Plaintiff Zak Shaik is not permitted to represent Baari Ardmore Housing, LLC as a pro se litigant and a licensed attorney must enter an appearance on behalf of Baari Ardmore Housing, LLC on or before Wednesday,

August 21, 2024, or Baari Ardmore Housing, LLC will be dismissed as a party to this action without prejudice.

    IT IS SO ORDERED this 15th day of August, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**