IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZAK SHAIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-253-JFH-GLJ |
| ) | |
| JAMES A. WILLIAMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, Zak Shaik, proceeding pro se, filed this action on July 19, 2024. Docket No. 2. On October 1, 2024, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Docket No. 23. Before the Court now is Plaintiff's Motion for Service of Process by U.S. Marshals Service [Docket No. 60]. For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiff filed this civil rights action on July 19, 2024, on behalf of himself and Baari Ardmore Housing, LLC, against Defendants James A. Williams, Okie Plumbin, LLC, Rebecca Johnson, Johnson Law Firm, PLLC, Mark Melton in his individual and official capacity, Murray County, and John Does alleging, *inter alia*, civil rights violations. Docket No. 1, at p. 1. Plaintiff was granted *in Forma Pauperis* ("IFP") status on July 22, 2024, and on December 20, 2024, his IFP status was revoked. Docket Nos. 5 & 29. Plaintiff appealed

the decision to revoke his IFP status, and on September 17, 2025, the appeal was denied as moot in light of Plaintiff's voluntary payment of the filing fee. Docket Nos. 46 & 47.

On October 22, 2025, Plaintiff filed a First Amended Complaint against Defendants James A. Williams, Rebecca Johnson, Collins Zorn & Wagner, PLLC, and "certain John Doe County officials." Docket No. 52, at p. 1. The Amended Complaint removed Baari Ardmore Housing, LLC, as a Plaintiff and Johnson Law Firm, PLLC, Mark Melton in his individual or official capacity, Murray County, Oklahoma, and Okie Plumbin, LLC as defendants. *See* Docket No. 52. On November 17, 2025, summons were issued as to the remaining Defendants. In light of the appeal of Claimant's IFP status, the Court found Plaintiff's had until January 7, 2026, to serve Defendants. Docket No. 53. On February 2, 2026, the Court Ordered Plaintiff to show cause as to why this action should not be dismissed for his failure to timely serve the Defendants. Docket No. 58. Plaintiff now moves to have service effectuated by the U.S. Marshals Service ("USMS") or, in the alternative, for an extension of time to serve Defendants.

## ANALYSIS

<u>Service by U.S. Marshal Service.</u> Generally, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). However, Fed. R. Civ. P. 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service by made by a United States marshal or deputy marshal or by a person specially appointed by the Court." Fed. R. Civ. P. 4(c)(3). Where Plaintiff is not proceeding in forma pauperis, "the decision whether to order the U.S. Marshal to serve the Summons and

2

Complaint is left to the sound discretion of the Court." *Freeman v. Raytheon Techs. Corp.*, 2022 WL 1984163, at *2 (D. Colo. June 6, 2022) (quoting *Palmer v. City & Cnty. of Denver*, 2019 WL 1118025, at *2 (D. Colo. Jan 8, 2019)). "[P]laintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service[, and] . . . court orders directing service by marshal should not be issued unless they really are necessary." Amendments to Fed. R. of Civ. Proc., Advisory Committee Notes, 93 F.R.D. 225, 262 (1981). As such, plaintiffs are responsible "to first 'seek service by private means whenever feasible rather than impose the burden on the Marshal's service.'" *York v. Fed. Bureau of Prisons*, 2008 WL 2410416, at *2 (D. Colo. June 11, 2008) (quoting 93 F.R.D. at 262).

Here, Plaintiff is not proceeding *in forma pauperis* and does not provide any valid reason as to why the Court should order service on his behalf. Plaintiff indicates good cause exists to order the USMS to effectuate service because his previous service attempt, via a private process server not licensed in Oklahoma, was unsuccessful. The Court, however, does not find this demonstrates the requisite necessity for service by the USMS as Plaintiff fails to explain why he cannot retain a process server that is able to serve the defendants in this matter. *See Towers v. Abott*, 2025 WL 1114201, at *3 (D. Kan. Apr. 15, 2025) ("In sum, Towers is not proceeding in forma pauperis and does not provide any valid reason why the court should order service on her behalf. To be clear, the court appreciates that it may be onerous to effectuate service of process on all of the defendants in this action given their sheer number. However, that is a result of her own choice to bring this case against so many defendants. And while it is certainly her prerogative to do so, it is not a valid

justification to shift the burden to the USMS or the court to effectuate service of process on defendants."); *Bellinsky v. Galan*, 2023 WL 12130692, at *2 (D. Colo. Dec. 20, 2023) ("The Motion gives the Court no reason to conclude that the involvement of the USMS is 'really necessary' to effectuate service[.]"); *Ovalle v. Fresno Bee Newspapers*, 2009 WL 398094, at *1 (C.D. Cal. Feb 12, 2009). As such, Plaintiff's Motion for Service of Process by U.S. Marshals Service [Docket No. 60] is DENIED in this respect.

*Extension of Time to Serve.* Alternatively, Plaintiff requests that the Court grant him an extension of time to serve Defendants. Here, Plaintiff fails to show good cause for his failure to serve Defendants within the time limit prescribed by Fed. R. Civ. P. 4(m). Nonetheless, the Court grants Plaintiff a permissive extension of sixty days from the date of this Order, or until April 27, 2026, to effectuate proper service under Fed. R. Civ. P. 4. *Espinoza v. U.S.*, 52 F.3d 838, 841 (10th Cir. 1995) ("The plain language of Rule 4(m), however, broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause.").

## CONCLUSION

Accordingly, Plaintiff's Motion for Service of Process by U.S. Marshals Service [Docket No. 60] is GRANTED IN PART to the extent it requests Plaintiff be granted an extension of time to serve Defendants and DENIED IN PART to the extent it requests service by the USMS. Thus, Plaintiff has until Monday, April 27, 2026, to serve Defendants.

IT IS SO ORDERED this 26th day of February, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**